UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMPSEY JOHN FRANCOIS, A-200-614-783,

Petitioner,

v.

WARDEN CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06773-DC-CKD P

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement (ICE) and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner also filed a motion to proceed in forma pauperis, which is granted. (ECF No. 8.) Respondent filed a response to the petition. (ECF Nos. 5, 7.) Petitioner did not file the optional reply. After briefing on the petition was complete, petitioner filed a motion to appoint counsel and further motion to proceed in forma pauperis. (ECF Nos. 10. 11.) For the reasons set forth below, the undersigned recommends the petition be denied without prejudice.

**I. Background**

The record indicates petitioner is a native and citizen of the Turks and Caicos Islands[1] who entered the United States in 1994 as a nonimmigrant visitor with authorization to remain for

[1] Under respondent's evidence, petitioner has also indicated he may be a Haitian national. (ECF No. 5 at 4, ¶ 22.)

a temporary period not to exceed six months. (ECF No. 5-2 at 2.) Petitioner has lived in the United States since then. (Id.)

On August 24, 2010, petitioner was ordered removed to the United Kingdom and waived appeal. (ECF No. 5-3.) He was detained during removal proceedings and remained detained through April 6, 2011, at which time he was released on an Order of Supervision (OSUP). (ECF No. 5 at 2.)

Under respondent's evidence, petitioner was criminally arrested on several occasions, resulting in his re-arrest by immigration officials and re-release on OSUP. (ECF No. 5 at 2-3.) The record indicates unsuccessful attempts were made to remove petitioner to the U.K. while he was detained in 2010-2011 and again while he was detained in 2023. (ECF No. 5 at 3.)

Petitioner was re-released on OSUP June 17, 2025. (ECF No. 5-5.) On December 22, 2025, immigration officials located him at the Palm Beach County Jail where he was held "pending local charges." (ECF No. 5-2 at 3.) Petitioner was re-detained by immigration authorities on January 7, 2026, and has been held in immigration custody since then. (ECF No. 1 at 2.) He challenges his current detention as a violation of his Fifth Amendment due process rights. (Id. at 3-4.)

Respondent argues 8 U.S.C. § 1231 permits petitioner's detention to enforce OSUP and effectuate removal. (ECF No. 7.) Respondent also argues petitioner's destination country, the U.K., is actively processing travel documents, and that petitioner has not shown removal is not reasonably foreseeable. (Id. at 2-3.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

////

**III. Discussion**

Petitioner is detained under 8 U.S.C. § 1231. Under 8 U.S.C. § 1231, noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). Although the text of § 1231 contains no time limit on detention, the Supreme Court has held via the canon of constitutional avoidance that it implicitly contains a limit to a period of detention reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas, 533 U.S. at 689. The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Id. at 701. After that, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Here, petitioner has been detained for more than six months and previous steps to execute his removal order were unsuccessful because he lacked a passport. (ECF No. 5 at 3, ¶¶ 20-21.) The record of prior unsuccessful removal attempts suffices for petitioner's initial showing that there is good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. See Ruiz-Acosta v. Cent. Valley Annex, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026) (the "good reason to believe standard" is not a very high bar). Thus, the court considers whether respondent has rebutted the showing.

Under respondent's evidence, upon petitioner being detained most recently on January 7, 2026,

> ERO again began working with the U.K. Consulate to obtain a travel document. On March 31, 2026, the U.K Consulate sent a follow-up requesting any identity documents from the a-file. On June 21, 2026, ERO sent a follow-up requesting the status on the passport. On June 22, 2026, the U.K. consulate informed it could not locate a passport application. On June 24, 2026, petitioner was provided a U.K. passport application with instructions to complete. On July 9, 2026, petitioner provided a copy of the completed U.K. passport application to ERO, which was thereafter forwarded to the U.K. Consulate. On August 20, 2026, ERO followed up with the U.K. Consulate, requesting assistance with an emergency travel document. On August 25, 2026, the U.K. consulate replied, asking if there had been any developments and about the next steps. ERO

> responded with information concerning its attempts to obtain a U.K. travel document for petitioner. At this time, the U.K. passport application remands pending with the U.K. consulate. Upon issuance of a U.K. travel document, ERO intends to schedule petitioner for a flight to the U.K. to effectuate removal provided there is no outstanding prohibition on removal.

(ECF No. 5 at 4, ¶ 23.)

The record does not indicate no country will accept petitioner or that the U.K. has refused to or is unable to issue a travel document for petitioner. There are no diplomatic barriers, and the U.K. has never indicated petitioner will not be accepted. Petitioner has not established he is "unremovable because the destination country will not accept him or his removal is barred by our own laws." Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at 697).

Although prior attempts to remove petitioner were unsuccessful due to lack of a passport, in July of 2026, petitioner re-submitted a U.K. passport application, which remains pending. "[M]ere delay in the issuance of a travel document is insufficient to show that there is no significant likelihood of removal in the reasonably foreseeable future, particularly where, as here, efforts to obtain the travel document are ongoing." Nasr v. Larocca, No. CV 16-1673-VBF (E), 2016 WL 3710200, at *4 (C.D. Cal. June 1, 2016), report and recommendation adopted, No. LA CV 16-01673-VBF-E, 2016 WL 3704675 (C.D. Cal. July 11, 2016) (citing collected cases) (internal quotation marks omitted).

Accordingly, at the present time, petitioner's removal remains reasonably foreseeable in the near future. See Tashchian v. Warden of Golden State Annex Det. Facility, No. 1:25-CV-01289-SKO (HC), 2025 WL 3194356, at *3 (E.D. Cal. Oct. 2, 2025), report and recommendation adopted, No. 1:25-CV-01289 JLT SKO (HC), 2025 WL 3192364 (E.D. Cal. Nov. 14, 2025) ("Given the application for travel document was recently resubmitted, and a decision from Armenia is pending, it cannot be said that Petitioner is unremovable."). However, should the U.K. deny petitioner's pending application in a manner that constitutes a refusal to accept him, then petitioner's circumstances would present a stronger showing. See id. Accordingly, the undersigned recommends the present petition be denied without prejudice. In light of this

recommendation, the interests of justice do not require appointment of counsel.

In accordance with the above, IT IS ORDERED that petitioner's motions to proceed in forma pauperis (ECF Nos. 8, 11) are GRANTED.

In addition**,** IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.
2. Petitioner's motion for appointment of counsel be denied.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 fran6773.mer